## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

09/06/2017, 10:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Elizabeth A. Bellin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charles N. Peete,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 6, 2017

Court of Appeals Case No.
20A03-1704-CR-807

Appeal from the Elkhart Superior Court

The Honorable Stephen R. Bowers, Judge

Trial Court Cause No.
20D02-1610-F4-51

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Charles N. Peete (Peete), appeals his sentence for burglary, a Level 4 felony, Ind. Code § 35-43-2-1(1), and his adjudication as an habitual offender, I.C. § 35-50-2-8(a).

We affirm.

# ISSUE

Peete presents us with one issue on appeal, which we restate as: Whether his sentence is inappropriate in light of the nature of the offense and his character.

# FACTS AND PROCEDURAL HISTORY

A little after 8:00 a.m. on October 20, 2016, Cynthia Peters (Peters) was at her home on Grand Avenue in Elkhart, Indiana, when she heard "loud noises from outside" which "sounded like banging." (Transcript p. 54). When she looked out of her front window, she noticed a man, walking north towards her house and as she "was watching him [she] saw him turn back around and head back to" the house across the street, where Patricia (Patricia) and Joseph Lese (collectively, Lese) resided. (Tr. p. 65). Peters described him as stocky built, wearing a light grey hoodie, blue jeans, and a blue shirt. He was not carrying anything at that time and was acting "like he was looking to see if anyone was seeing what was going on." (Tr. p. 67). While she observed the man walking onto the Lese residence's porch, Peters called dispatch. She noticed the living room lights go on inside the residence, and approximately three to four minutes later, Peters saw the living room lights go off, and observed the man exit the

back door. "At this time he was carrying a bag." (Tr. p. 70). The man got into a two-tone Chevy Avalanche with the word 'Avalanche' displayed in red on the passenger side.

[5] Officer Rufino Gayton with the Elkhart Police Department (Officer Gayton) responded to a dispatch of a burglary in progress. As he drove past the Lese's residence, the officer observed the Avalanche pull out of the neighborhood onto Indiana Avenue. With the help of other officers, Officer Gayton initiated a traffic stop of the vehicle, during which the driver, fitting Peters' description, was identified as Peete. When Officer Gayton opened the driver's side door, a black drawstring bag, containing a bracelet, fell out of the vehicle. Inside the driver's side door panel, the officers discovered several rings and also found a ring on the driver's side floorboard, as well as a camouflage bag on the passenger seat. Lese positively identified the jewelry as belonging to Patricia.

[6] On October 24, 2016, the State filed an Information, charging Peete with Level 4 burglary and an habitual offender enhancement. A bifurcated jury trial was held on February 14 and 15, 2017. At the conclusion of the evidence, the jury found Peete guilty of the burglary charge, after which Peete pled guilty to the habitual offender enhancement. On March 13, 2017, the trial court conducted a sentencing hearing, where Peete was sentenced to an executed term of twelve years for burglary, enhanced by fifteen years for the habitual offender adjudication, for an aggregate sentence of twenty-seven years.

[7] Peete now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[8] Peete contends that the trial court abused its discretion by imposing a sentence which is inappropriate in light of the nature of the offense and his character. Pursuant to Indiana Appellate Rule 7(B), we may "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the question is not whether another sentence is more appropriate, but whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). The principal role of appellate review is to "leaven the outliers;" it is "not to achieve a perceived correct result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). The appropriateness of the sentence turns on this court's "sense of the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad other factors that come to light in a given case." *Id*. at 1224. The defendant carries the burden of persuading this court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). To successfully carry his burden, "[t]he defendant must show that his sentence is inappropriate in light of both his character and the nature of the offense." *Williams v. State*, 891 N.E.2d 621, 633 (Ind. 2006).

[9] When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer*, 868 N.E.2d at 494. The sentencing range for a Level 4 felony is between two and twelve years, with the advisory sentence being six years. *See* I.C. § 35-50-2-5.5. Here,

the trial court sentenced Peete to the maximum sentence allowed by statute, which the trial court then enhanced by fifteen years for his habitual offender adjudication. *See* I.C. § 35-50-2-8(i)(1) (the enhancement for a Level 4 felony shall be an additional fixed term between six years and twenty years). We agree with Peete that there is nothing notably distinguishable about the circumstances of the charge; we merely reiterate that Peete burglarized the residence while the Lese's were absent from the home.

[10] Turning to Peete's character, we note that, at age fifty, Peete has a lengthy criminal history, showing contacts with the criminal justice system since he was eighteen years old. His history encompasses six prior misdemeanor convictions, including two convictions for criminal conversion, and five prior felony convictions including theft, fraud, and three convictions for burglary, two of which were Class B felonies. At the time of sentencing, he had one misdemeanor charge for theft pending. Peete has violated probation on at least five separate occasions.

[11] Peete now requests this court for leniency because "the victim had all of the items returned to her within a relatively short period of time of the offense." (Appellant's Br. p. 11). However, the only reason all the items were even recovered in the first place is because of the alertness of a neighbor. Although he claims that he isn't the "worst of the worst," we agree with the trial court's sentiment that he has "been taking things from other people most of [his] life." (Appellant's Br. p. 11) (Tr. p. 231). In light of the evidence before us, we

conclude that Peete failed to persuade us that the nature of the crime and his character provide a reason to revise his sentence.

# CONCLUSION

[12] Based on the foregoing, we conclude that the trial court properly sentenced Peete.

[13] Affirmed.

[14] Robb, J. and Pyle, J. concur